**ALEXANDRIA LAKE COALITION INC., petitioner, Respondent,**

v.

**DOUGLAS COUNTY, Respondent,**

**and**

**Robert M. Wheeland, Appellant.**

**No. C1–83–1222.**

Court of Appeals of Minnesota.

May 15, 1984.

Stephen F. Rufer, Rufer, Hefte, Pemberton, Schulze, Sorlie, Sefkow & Kershner, Fergus Falls, for Alexandria Lake Coalition, Inc., petitioner.

Ann L. Carrott, Douglas County Atty., Alexandria, for Douglas County.

John C. Lervick, Swenson, Grover, Lervick, Syverson, & Battey, Ltd., Alexandria, for Robert M. Wheeland.

Considered and decided by POPOVICH, C.J., FORSBERG and RANDALL, JJ., with oral argument waived.

## OPINION

FORSBERG, Judge.

This is an appeal from an order of the district court denying the developer's motion for amended findings or a new trial.

Respondent Alexandria Lake Coalition, Inc., sought a writ of mandamus from the district court to compel the Douglas County Board to rescind the issuance of a conditional use permit for a townhouse development project which had been granted to intervenor-developers. The trial court granted the writ on the basis that the Board's issuance of the permits in the absence of strict compliance with the procedures set forth in the county zoning ordi-

nance—specifically, the failure to require the developers to secure pre-application approval of the plans for the project from the Planning Advisory Commission—was arbitrary. We reverse.

## FACTS

Robert Wheeland ("developer") planned to build a ten-unit townhouse project on real estate located near Alexandria on Lake LeHomme Dieu, a popular recreational lake. The property is in an area zoned "Rx" (Residential) under the County Zoning Ordinance, which permits "cluster developments" such as townhouse projects upon the issuance of a conditional use permit.

The developer secured preliminary approval for the project from the Minnesota Department of Natural Resources on June 18, 1982, and submitted an application for a conditional use permit and preliminary approval of the plat. The developer did not secure the approval of the County Planning Advisory Commission before submitting his application. The County Planning Advisory Commission held a hearing on the application at which a number of citizens appeared in opposition. On July 7, 1982, the Commission recommended that the County Board approve the preliminary plat and grant the conditional use permit.

The Board considered the recommendation on July 12, 1982, and tabled it. On July 26, 1982, after further discussion with interested parties, the Board approved the preliminary plat and the issuance of the permit. Alexandria Lake Coalition, Inc. ("Coalition"), a non-profit corporation comprising lakeshore land-owners and other interested citizens, secured an alternative writ of mandamus directing the Board to rescind the permits. The court found the Board's failure to follow the procedures for formal pre-application approval before issuing the permits to be "arbitrary and capricious," and upheld issuance of the writ.[1]

After the hearing on the issuance of the alternative writ, but before the court had made its decision, the Board granted final approval to the developer's plat and application for a conditional use permit. The Board made no findings of fact supporting its action. The order of the district court requiring the grant of the permit and the preliminary approval of the plat to be rescinded was filed May 27, 1983, and the district court denied the developer's motion for new trial, amended findings, and the taking of additional evidence on July 14, 1983.

The District Court apparently accepted a statement of facts from each party and made its determinations from those statements. The court made no findings of fact, accepted no evidence, and heard no testimony. Affidavits of various persons were appended to the memoranda and briefs submitted by the parties.

After the denial of the motion for new trial, the developer resubmitted his application (still without securing pre-application approval), which was again granted. The second time, admittedly adequate findings of fact supported the Board's decision. Again the Coalition sought an order rescinding the issuance of the permits. The District Court stayed proceedings in that action pending the outcome of this appeal.

---

1. The procedures which were not followed are those in the Zoning Ordinance, Section IV(j)(i)(c):

"J/ *Mobile Home Courts, Recreational Campgrounds Resorts, Cluster Developments and Controlled Access*

1. *General*

c. Crowding Potential
Applications for conditional use permits for mobile home courts, recreational campgrounds, resorts, cluster developments and controlled accesses shall be acceptable if the crowding potential is (10) ten or more *or the applicant has secured pre-application approval from the Douglas County Planning Advisory Commission.*" (Emphasis added).
The pre-application approval requirement has since been repealed. It is undisputed that the crowding potential of Lake LeHomme Dieu—the ratio of acres of lake surface per lakeshore dwelling, obtained by dividing the total number of dwellings on the lake into the lake's water acreage—is less than ten.

## ISSUES

I. Was the County Board's failure to require the developer to obtain formal pre-application approval of his application for a conditional use permit fatal to the Board's issuance of such permit?

II. Was the County Board's decision to issue the conditional use permit arbitrary and unreasonable?

## ANALYSIS

### I.

The District Court found that the County Board's issuance of a conditional use permit despite the developer's failure to secure "pre-application approval" was per se arbitrary and capricious. It ruled that a governmental body must strictly follow rules of procedure governing it, and the failure to do so voids any subsequent action of the body. The developer argues that substantial compliance with the requirements of the ordinance was sufficient, as long as the effects of the proposed development on crowding and on the general welfare were considered by the Board before the conditional use permit was issued.

There is authority for the proposition that a governmental body must strictly follow rules of procedure governing it. *See, e.g., State ex rel. Independent School District No. 6 v. Johnson*, 242 Minn. 539, 65 N.W.2d 668 (1954). In *Johnson*, the failure of the state Department of Education to follow its own rules was fatal to its subsequent decision to withhold school aid funds. The rule it disregarded, however, was a rule of *notice*, and its failure to follow the rule resulted in specific and demonstrable harm to the school district in that the school district was deprived of an opportunity to respond to the charges against it. In this case, the County Board's failure to require the developer to secure pre-application approval did not harm the Coalition. The ordinance did not provide for any public comment during the pre-application procedure, nor did it provide for any public notice at that stage.

The Supreme Court has held in several zoning cases that various irregularities in procedure did not invalidate zoning actions taken by local authorities. In *Chandler v. Kroiss*, 291 Minn. 196, 190 N.W.2d 472 (1971), the Court held that the failure to follow a zoning ordinance precisely in granting a special use permit was not fatal where it was clear that the planning commission and the city council had substantially complied with the requirements of the ordinance in question. In *Crystal Beach Bay Association v. Koochiching County*, 309 Minn. 52, 243 N.W.2d 40 (1976), the Supreme Court held that the county planning commission's failure to file a mandatory "preliminary report" was not fatal to its issuance of a conditional use permit where there were other safeguards, including the approval of the Department of Natural Resources, to ensure that necessary factors had been considered. While the *Crystal Beach Bay* court specifically found that the "checks and balances" of various governmental agencies assured that the proposed project had received enough consideration, there is ample evidence in this case that, notwithstanding the developer's failure to obtain "pre-application approval," the Planning Advisory Commission and the County Board considered all the factors the ordinance required them to consider before granting the permit.

It is also significant that the provision of the zoning ordinance requiring "pre-application approval" did not spell out what was entailed in the process of "pre-application approval." In fact, the affidavit of one member of the Planning Advisory Commission indicated that he considered the necessary approval to have been granted by the zoning administrator when he reviewed the proposed plan with the developer and brought it to the Planning Advisory Commission for a public hearing. It is undisputed that the requirement for "pre-application approval" had never before been enforced in any other similar proceeding. While this fact, in itself, does not necessarily mean that failure to enforce the requirement in this instance was not fatal, it does reinforce a conclusion that the pre-applica-

tion approval requirement was not an integral part of an application for a conditional use permit.

## II.

Since the action of the County Board in issuing the permit was not per se arbitrary and capricious for failure to comply strictly with the zoning ordinance, the action of the Board must be upheld if it was reasonable. *Honn v. City of Coon Rapids*, 313 N.W.2d 409, 417 (Minn.1981). Reasonableness is measured by the standard set out in the particular local ordinance, not the statute.

Although the District Court did not address the issue, it appears, based on the record which apparently includes the minutes of the Planning Advisory Commission meeting and the County Board meetings at which the project was discussed, that there was sufficient evidence of the project's effect on the health and welfare of the area to make the issuance of the permit at least "reasonably debatable." Under the *Honn* standard, that is all that is required for the decision of the County Board to stand.

## DECISION

The County Board's decision to issue a conditional use permit to the developer was not arbitrary or unreasonable. The Board substantially complied with the requirements of the zoning ordinance, and the developer's failure to secure "pre-application approval" of the permit did not harm the Coalition or the public.

Reversed.